UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

ROY MITCHELL WAGGONER and
JEWEL KAY WAGGONER,                                      Case No. 17-11381 t7

Debtors.

## **OPINION**

Before the Court is the chapter 7 trustee's motion to sell the debtors' house. Debtors initially objected to the sale but later withdrew the objection in large part. Now, they only object to the payment of a proposed "finder's fee" to a creditor. The U.S. Trustee's office joins in this objection. The Court rules that the proposed sale should be approved as beneficial to the estate, but that payment of a finder's fee is contrary to New Mexico law and the Bankruptcy Code.

I.   FACTS[1]

For the purpose of ruling on the motion, the Court finds:[2]

Debtors filed this case as a chapter 13 case on May 30, 2017. By stipulated order, the case was converted to chapter 7 on February 7, 2018.

Debtors own and live in a house in Aztec, New Mexico, with a street address of 10 CR 2101, Aztec, NM 87410. On June 22, 2018, the chapter 7 trustee filed a motion to sell the house to the Debtors in exchange for $20,000. The agreement was based on Trustee's estimated value of $309,280, a mortgage of $125,598, Debtors' homestead exemption of $120,000, costs of sale, and

---

[1] The Court took judicial notice of the docket in the main case and all adversary proceedings. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket); *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 8 (1st Cir. 1999) (same).
[2] The parties stipulated to most of these facts. The rest are taken from the docket. The parties asked the Court to rule on the finder's fee issue based on the stipulated facts, without the expense of an evidentiary hearing.

potential litigation costs, among other things.

Creditor Rebecca Heizer objected to the proposal, arguing that the house was worth about $385,000. The trustee eventually withdrew the motion.

On December 17, 2018, the trustee filed a motion to sell the house to Randy and Thipsuda Orbesen for $380,000. The proposed sale included the following language: "Seller will pay 6% finder's fee to BLH & Associates from Seller's gross receipts."[3] BLH & Associates is wholly owned by Heizer.

After the motion was filed, the Orbesens had the property appraised. The appraised value was only $318,000. The Orbesens could not obtain a loan large enough to complete the sale based on the appraised value.

The trustee filed the subject motion on March 26, 2019, proposing to sell the house to the Orbesens for the reduced price of $355,000. The language concerning payment of the finder's fee to BLH is the same as before.[4] Debtors and United States Trustee's office object to the payment of the proposed finder's fee.

The trustee did not know of the Orbesens' interest in buying the house until Heizer's counsel brought it to the trustee's attention.

Heizer is not a licensed real estate broker in New Mexico. She was a licensed Colorado real estate broker until October, 2015.

The trustee did not retain Heizer to perform any services on behalf of the bankruptcy estate, nor did he ask her to perform any such services. The trustee does not know of anything Heizer did to market the house other than to introduce the Orbesens to the trustee.

Based on consultation with a real estate broker, the trustee believes the house is worth

---

[3] 6% of $380,000 is $22,800.
[4] 6% of $355,000 is $21,300.

about $309,000.

Other than possibly Heizer, there are no real estate brokers involved in the proposed sale of the house to the Orbesens. Other than possibly the finder's fee, there are no commissions payable in connection with the proposed sale.

Under the current proposal the sale of the house is expected to net the estate between $60,000 and $80,000. The trustee believes the bankruptcy estate will realize more net proceeds from the proposed sale (including the deduction of the finder's fee), than if he retained a broker who marketed the house, sold it for fair market value, and was paid a commission at closing.

On August 8, 2017, Heizer filed a general unsecured proof of claim for $104,317. She also filed an adversary proceeding against Debtors, objecting to their discharge and to the dischargeability of their debt to her. The adversary proceeding is pending.

## II. DISCUSSION

The sole question before the Court is whether the proposed finder's fee to Heizer can be approved. The Court concludes it cannot be. First, New Mexico law prohibits payment of the proposed fee because it would constitute the payment of a brokerage commission to an unlicensed broker. Second, the Bankruptcy Code prohibits payment of the fee because Heizer is a "professional person" who has not been and could not be employed by the estate.

A.  Paying Heizer a "Finder's Fee" is Illegal Under New Mexican Law.

The New Mexico statute regulating real estate brokers is N.M.S.A. § 61-29-1 et seq (the "Real Estate Brokers Act" or the "Act"). Section 1 of the Act provides:

> Prohibition
> It is unlawful for a person to engage in the business or act in the capacity of real estate associate broker or qualifying broker within New Mexico without a license issued by the commission. A person who engages in the business or acts in the capacity of an associate broker or a qualifying broker in New Mexico, except as otherwise provided in Section 61-29-2 NMSA 1978, with or without a New Mexico

real estate broker's license, has thereby submitted to the jurisdiction of the state and to the administrative jurisdiction of the commission and is subject to all penalties and remedies available for a violation of any provision of [the Act].

Section 2 of the Act defines a broker[5] as a person who:

for compensation or other consideration from another:

(a) lists, sells or offers to sell real estate; buys or offers to buy real estate; or negotiates the purchase, sale or exchange of real estate or options on real estate;
(b) is engaged in managing property for others;
(c) leases, rents or auctions or offers to lease, rent or auction real estate;
(d) advertises or makes any representation as being engaged in the business of buying, selling, exchanging, renting, leasing, auctioning or dealing with options on real estate for others as a whole or partial vocation; or
(e) engages in the business of charging an advance fee or contracting for collection of a fee in connection with a contract under which the qualifying broker undertakes primarily to promote the sale of real estate through its listing in a publication issued primarily for that purpose or for the purpose of referral of information concerning real estate to other qualifying brokers or associate brokers;

Section 16 of the Act provides:

Suit by qualifying or associate broker
No action for the collection of a commission or compensation earned by any person as a qualifying broker or an associate broker required to be licensed under the provisions of Chapter 61, Article 29 NMSA 1978 shall be maintained in the courts of the state unless such person was a duly licensed qualifying broker or associate broker at the time the alleged cause of action arose.

Section 17 of the Act provides:

Penalty; injunctive relief
A. Any person who engages in the business or acts in the capacity of an associate broker or a qualifying broker within New Mexico without a license issued by the commission or pursuant to Section 61-29-16.1 NMSA 1978 is guilty of a fourth degree felony. Any person who violates any other provision of Chapter 61, Article 29 NMSA 1978 is guilty of a misdemeanor and shall be punished by a fine of not more than five hundred dollars ($500) or imprisonment for not more than six months, or both.
B. In the event any person has engaged or proposes to engage in any act or practice violative of a provision of Chapter 61, Article 29 NMSA 1978, the attorney general or the district attorney of the judicial district in which the person resides or the judicial district in which the violation has occurred or will occur may, upon

---

[5] 61-29-2(A)(3) defines an "associate broker" while (A)(14) defines a "qualifying broker," but the quoted language is identical in both.

application of the commission, maintain an action in the name of the state to prosecute the violation or to enjoin the proposed act or practice.
   C. In any action brought under Subsection B of this section, if the court finds that a person is engaged or has willfully engaged in any act or practice violative of a provision of Sections 61-29-1 through 61-29-18 NMSA 1978, the attorney general or the district attorney of the judicial district in which the person resides or the judicial district in which the violation has occurred or is occurring may, upon petition to the court, recover on behalf of the state a civil penalty not exceeding five thousand dollars ($5,000) per violation and attorney fees and costs.

Finally, § 17.2 of the Act provides:

Unlicensed activity; civil penalty; administrative costs
The commission may impose a civil penalty on any person who is found, through a court or administrative proceeding, to have acted in violation of Chapter 61, Article 29 NMSA 1978 in an amount not to exceed one thousand dollars ($1,000) for each violation or, if the commission can so determine, in the amount of the total commissions received by the person for the unlicensed activity. The commission may assess administrative costs for any investigation and administrative or other proceedings against any such person. Any money collected by the commission under the provisions of this section shall be deposited into the real estate recovery fund.

In *Watts v. Andrews*, 98 N.M. 404 (S. Ct. 1982), the New Mexico Supreme Court ruled that a "middleman" who brings two parties together in a real estate transaction acts as a broker and must be a licensed under the Real Estate Brokers Act to collect a fee.

We hold that a person who simply brings two parties together in a real estate transaction must be licensed to sue for recovery of a commission. To rule otherwise would be to violate the clear intent of the Legislature in requiring that real estate brokers or salespersons be licensed. By requiring licensure, the Legislature intended that the real estate occupation be regulated. *See* § 61-1-2(C), N.M.S.A. 1978 (Repl. Pamp. 1981). The Legislature intends to protect the public by requiring the New Mexico Real Estate Commission to evaluate the competence and moral character of persons in the real estate business through licensing and examination requirements. § 61-29-10, N.M.S.A. 1978 (Cum. Supp. 1981) The Legislature ensures the furtherance of its purposes by prohibiting unlicensed persons acting as real estate brokers from maintaining an action to recover a commission. *Star Realty Company, supra*. If we were to permit an unlicensed person who brings two parties together in a real estate transaction to recover a commission, we would in effect render the Real Estate Brokers Act meaningless.

98 N.M. at 407 (citations omitted). The court continued:

> When the Legislature defined a "broker" as one who "sells or offers for sale", they, no doubt, intended to encompass within its definition one who simply procures a purchaser; the term "sell" being synonymous with procuring a purchaser.

*Id.* In *PC Carter Co. v. Miller*, 253 P.3d 950 (N.M. App. 2011), the New Mexico Court of Appeals reversed a district court judgment awarding plaintiff a 2% commission on the sale of real property. Plaintiff was not a licensed broker in New Mexico. Relying on *Watts*, the court held that the plaintiff was a "finder" or "middleman," and therefore was a "broker" within the meaning of the Act. 253 P.3d at 954. The court ruled that without a valid license at the time of sale, plaintiff could not be paid a commission or other compensation. 253 P.3d at 957.

The *PC Carter* court also ruled that unlicensed brokers, barred by the Act from collecting a commission, cannot obtain compensation under alternative legal theories such as quantum meruit, promissory estoppel, breach of fiduciary duty, or unjust enrichment. The court reasoned that allowing such alternative theories to proceed would nullify plain statutory provisions of the Act. 253 P.3d at 956, citing *Bank of New Mexico v. Freedom Homes, Inc.,* 94 N.M. 532, 533 (Ct. App. 1980). Similarly, in *Kaiser v. Thomson*, 55 N.M. 270 (S. Ct. 1951), the New Mexico Supreme Court held that an unlicensed contractor, prevented by statute from bringing a collection action, could not sue to recover on a quantum meruit theory. The court held: "To give effect to this claim would be to circumvent former decisions and nullify plain statutory provisions to the contrary." 55 N.M. at 274. For a thoughtful discussion of *PC Carter Co.* and the "unlawful acts doctrine" see *Five Star Automatic Fire Protection, LLC v. Nuclear Waste Partnership, LLC*, 2016 WL 9449458, at **5-7 (D.N.M.).

While the language of the Real Estate Brokers Act has changed somewhat since *Watts* was handed down, the changes do not affect the holdings discussed above, nor the clear rule that finders

and middlemen are brokers under the Act, who must be licensed before they can be paid for their work.

It is undisputed that Heizer found the buyers (the Orbesens) in this instance. Pursuant to *Watts* and *PC Carter*, Heizer is a "finder" or "middleman." Indeed, Heizer describes the fee she seeks to collect as a "finder's fee." Heizer therefore is a "broker" under the Act, who must be validly licensed to collect a commission or other compensation. Heizer does not have such a license. Were the Court to allow Heizer to be paid her finder's fee, she could be found guilty of acting as a broker without a license, a fourth degree felony. She also would be exposed to forfeiture of the commission, a $5,000 penalty, and payment of the district attorney's fees and costs. *See* §§ 17 and 17.2 of the Act.

B. <u>Rebecca Heizer is a Professional Person and Cannot Be Paid From the Estate Because She Was Never Employed</u>.

11 U.S.C. § 327(a) provides:

> The trustee, with the courts approval, may employ… [a] professional person[] that [does] not hold or represent an interest adverse to the estate and that [is disinterested]," to assist the trustee in carrying out her duties.

1. <u>Real Estate Brokers Like Heizer are "Professional Persons."</u> Real estate brokers are "professional persons" within the meaning of 11 U.S.C. §327(a). *In re Avon Townhomes Venture*, 433 B.R. 269, 313 (Bankr. N.D. Cal. 2010) (real estate brokers are professional persons); *In re Silver Oak Homes, Ltd.,* 167 B.R. 389, 398 (Bankr. D. Md. 1994) (same); *In re Kanuika*, 1990 WL 210618, at *1 (E.D. Pa.) (it is well settled that realtors are "professional persons"); *In re Channel 2 Associates,* 88 B.R. 351, 352 (Bankr. D.N.M. 1988) (brokers are professional persons); *In re Eastern Inns of New Hampshire, Inc.,* 72 B.R. 418, 420 (Bankr. D. Me. 1987); *In re McConnell*, 82 B.R. 43 (Bankr. S.D. Tex. 1987*); In re Roberts,* 58 B.R. 65, 67 (Bankr. D.N.J. 1986); *In re*

*Pathway, Inc.*, 41 B.R. 400 (Bankr. D. Ha. 1984) (broker is a professional person under § 327); *Frankfurth v. Cummins (In Re Cummins)*, 8 B.R. 701, 701 (Bankr. C.D. Cal. 1981), *reversed and remanded on other grounds,* 15 B.R. 893 (9th Cir. BAP 1981); *In Re C.H. Stuart, Inc.*, 16 B.R. 296, 297 (Bankr. W.D.N.Y. 1981); *see also In re Mason's Nursing Ctr., Inc.*, 73 B.R. 360 (Bankr. S.D. Fla. 1987) (court denied an application to pay a 6% finder's fee to a creditor who was not a real estate broker or other professional person).

As shown above, Heizer clearly would be a "broker" under the Real Estate Brokers Act if she collected the 6% finder's fee. She therefore would be a professional person under 11 U.S.C. § 327.

2. <u>Professional Persons May Not be Paid Unless Their Employment Has Been Approved</u>. A professional whose employment has not been approved by the court may not be paid from the estate. *In re Keren Ltd. Partnership*, 189 F.3d 86, 87-88 (2d Cir. 1999); *In re Haley,* 950 F.2d 588, 590 (9th Cir.1991); *In re Avon Townhomes Venture*, 433 B.R. 269, 313 (Bankr. N.D. Cal. 2010); *Enea v. Coldwell Banker/Del Monte Realty,* 225 B.R. 715, 719 (N.D. Cal. 1998); *In re Tidewater Mem'l Hosp., Inc.*, 110 B.R. 221, 225 (Bankr. E.D. Va. 1989) ("an attorney or other professional may not be compensated in a bankruptcy case unless appointed by order of the court."); *In re Pathway, Inc.*, 41 B.R. 400, 401 (Bankr. D. Ha. 1984) (broker could not be paid from the estate because his employment was not approved). As stated in *In re One Vision Park, Inc.*, 2010 WL 2232106 (Bankr. N.D. Cal.):

> This requirement furthers two policy goals: (1) it helps the court determine whether the parties performing professional services for the estate are disinterested; and (2) it helps the estate and the court control the expenses of administration, by barring volunteers from obtaining compensation for unnecessary services.

2010 WL 2232106, at *2, citing *In re HSD Venture*, 178 B.R. 831, 834-35 (Bankr. S.D. Cal. 1995).

3. <u>Heizer's Employment Has Not Been, and Could Not Be, Approved</u>. For two reasons, Heizer could not be employed by the estate to sell the house and earn a commission. First, Heizer is not a licensed New Mexico broker. The estate could no more retain Heizer than it could a lawyer who has relinquished her law license. Neither the Court nor the trustee wants to aid and abet the commission of a felony by encouraging Heizer to sell the house and collect a 6% commission without a broker's license.

Second, Heizer is not "disinterested." The Bankruptcy Code defines a "disinterested" person as one who . . . is not a creditor, an equity security holder, or an insider . . . . 11 U.S.C. § 101(14). It is undisputed that Heizer filed a $104,317 proof of claim in this case. Therefore, she is not disinterested and could not be employed as a professional person. *See* 3 Collier on Bankruptcy ¶ 327.04[2][a][i] (16th ed.) (a professional cannot be a creditor).[6] Thus, even if the trustee had timely moved to employ Heizer, and even if Heizer had been a licensed broker at the time, her employment could not have been approved.

### III. <u>CONCLUSION</u>

Heizer is a "finder" or a "middleman" in connection with the proposed sale of the Debtors' house and therefore is a "broker" under Real Estate Brokers Act. Without a New Mexico broker's license, she may not collect a finder's fee or other compensation. Further, Heizer's lack of a broker's license, coupled with her substantial claim against Debtors, means that she could never be employed by the estate as a professional person. Given these insurmountable obstacles, allowing the trustee to pay Heizer a finder's fee would expose her to, inter alia, potential criminal prosecution. For these reasons, the finder's fee provision in the sale motion cannot be approved.

---

[6] There is an exception for attorneys that are retained to represent the estate for a specified special purpose. 11 U.S.C. § 327(e). The exception does not apply to other types of professional persons.

The Court otherwise approves the motion. The parties are directed to submit a form of order granting the motion without the finder's fee provision.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: July 31, 2019

Copies to: electronic notice recipients